# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

JONATHAN USUGAN,

        Petitioner,

v.

JULIA D. MOUDY and
THE STATE OF ALASKA,

        Respondents.

Case No. 4:23-cv-00010-JMK

## **ORDER OF DISMISSAL**

On May 23, 2023, self-represented pre-trial detainee in the custody of the State of Alaska, Jonathan Usugan ("Petitioner"), filed a petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, a civil cover sheet, and paid the filing fee.[1] In his petition, Mr. Usugan seeks to challenge his pretrial detention alleging the state is violating his due process rights, his speedy trial rights, his right to counsel, and the 1867 Treaty of Cession.[2]

---

[1] Dockets 1–2.

[2] Docket 1.

The Court takes judicial notice[3] of Petitioner's ongoing criminal cases, *State of Alaska v. Usugan,* Case Nos. 4BE-19-00508CR and 4BE-21-00872CR.[4]

The trial court records indicate that the State filed a Motion to Stay in Case No. 4BE-21-00872CR, which was unopposed by Mr. Usugan.[5] In Case No. 4BE-19-00508CR, the State has charged Petitioner with burglary and two counts of sexual assault.[6] A trial scheduling conference was held on September 13, 2023, and trial currently is set to begin on April 1, 2024.

## SCREENING REQUIREMENT

28 U.S.C. § 2241 provides federal courts with general habeas corpus jurisdiction.[7] A petitioner may challenge pretrial detention under 28 U.S.C. § 2241.[8] A court must "promptly examine" a habeas petition.[9] "If it plainly appears

---

[3] Fed. R. Evid. 201(b)(2) permits judicial notice of a fact that is "not subject to reasonable dispute because it: . . . (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *See also Headwaters Inc. v. U.S. Forest Service*, 399 F.3d 1047, 1051 n.3 (9th Cir. 2005) ("Materials from a proceeding in another tribunal are appropriate for judicial notice.") (internal quotation marks and citation omitted).

[4] Publicly available records of the Alaska Trial Courts may be accessed online at https://courts.alaska.gov/main/search-cases.htm.

[5] *See State of Alaska v. Usugan,* Case No. 4BE-21-00872CR, Docket Entries dated 8/17/23 and 9/14/23.

[6] *State of Alaska v. Usugan,* Case No. 4BE-19-00508CR, Charge 1: AS11.41.410(a)(1) - Unclassified Felony (Sex Assault 1- Penetrate w/o Consent); Charge 2: AS11.41.420(a)(3) - Class B Felony (Sex Assault 2- Penetrate Incap Victim); and Charge 3: AS11.46.300(a)(1) - Class B Felony (Burglary 1- In A Dwelling).

[7] *Rasul v. Bush,* 542 U.S. 466, 473 (2004).

[8] *See Stow v. Murashige,* 389 F.3d 880, 885–86 (9th Cir. 2004) (citations and quotations omitted).

[9] Rule 4(b), Rules Governing Section 2254 Proceedings for the United States District Courts. *See also* Local Habeas Corpus Rule 1.1(c)(2) ("Except as otherwise specifically provided by statute, rule or order of the court . . . the Rules Governing Section 2254 Cases in the United States

Case No. 4:23-cv-00010-JMK, *Usugan v. Moudy, et al.*
Order of Dismissal
Page 2 of 9
Case 4:23-cv-00010-JMK   Document 4   Filed 09/22/23   Page 2 of 9

from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition."[10] Upon screening, it plainly appears that Petitioner is not entitled to relief, and his petition must be dismissed.

## DISCUSSION

A writ of habeas corpus allows an individual to test the legality of being detained or held in custody by the government.[11] The writ is "a vital 'instrument for the protection of individual liberty' against government power."[12] Under 28 U.S.C. § 2241, this Court may grant a writ of habeas corpus to a prisoner "in custody in violation of the Constitution or laws or treaties of the United States."[13] 28 U.S.C. § 2241 is the proper avenue for a state prisoner who seeks to challenge his state custody when there is no state judgment, such as here, where Mr. Usugan is challenging his pretrial detention.[14]

---

District Courts, apply to all petitions for habeas corpus relief filed in this court.").

[10] Rule 4(b), Rules Governing Section 2254 Proceedings for the United States District Courts.

[11] *Rasul,* 542 U.S. at 473.

[12] *Gage v. Chappell,* 793 F.3d 1159, 1167 (9th Cir. 2015) (quoting *Boumediene v. Bush,* 553 U.S. 723, 743 (2008)).

[13] 28 U.S.C. § 2241(c)(3).

[14] *Stow v. Murashige,* 389 F.3d 880, 886 (9th Cir. 2004) ("By contrast, the general grant of habeas authority in § 2241 is available for challenges by a state prisoner who is not in custody pursuant to a state court judgment—for example, a defendant in pre-trial detention or awaiting extradition.") (quoting *White v. Lambert,* 370 F.3d 1002, 1006 (9th Cir. 2004)).

Case No. 4:23-cv-00010-JMK, *Usugan v. Moudy, et al.*
Order of Dismissal
Page 3 of 9
Case 4:23-cv-00010-JMK   Document 4   Filed 09/22/23   Page 3 of 9

Upon screening, it plainly appears that Mr. Usugan is not entitled to habeas relief pursuant to § 2241 because (1) he fails to name a proper respondent; and (2) the doctrine of *Younger* abstention compels the Court to abstain from exercising jurisdiction over Mr. Usugan's current petition.

## I. Petitioner Fails to Name a Proper Respondent

Mr. Usugan names Attorney Julia Moudy[15] and the State of Alaska as Respondents. The proper respondent in a habeas corpus petition is the state officer who holds the petitioner in custody. This is usually the superintendent or warden of the prison in which the prisoner is held.[16] Failure to name the petitioner's custodian as a respondent deprives federal courts of personal jurisdiction.[17] Because Petitioner has not presented a proper respondent, his habeas petition must be dismissed.

---

[15] Attorney Moudy was appointed to represent Mr. Usugan in both pending criminal cases, but was dismissed and replaced with alternate counsel. *See* Case Nos. 4BE-19-00508CR and 4BE-21-00872CR, Docket Entries dated July, 12, 2023.

[16] Rule 2(a), Rules Governing Section 2254 Proceedings for the United States District Courts. Pursuant to this Court's Local Habeas Corpus Rules, the Section 2254 procedural rules also apply to § 2241 petitions. D. Ak. HCR 1.1(c)(1).

[17] *Belgarde v. State of Mont.*, 123 F.3d 1210, 1212 (9th Cir. 1997) ("A petitioner for habeas relief under Section 2254 must name the state officer having custody of him or her as a respondent. 'Failure to name the petitioner's custodian as a respondent deprives federal courts of personal jurisdiction.'" (citations omitted) (quoting *Stanley v. Cal. Sup. Ct.*, 21 F.3d 359, 360 (9th Cir. 1994)).

Case No. 4:23-cv-00010-JMK, *Usugan v. Moudy, et al.*
Order of Dismissal
Page 4 of 9
Case 4:23-cv-00010-JMK   Document 4   Filed 09/22/23   Page 4 of 9

## II. *Younger* Abstention

The *Younger* abstention, first announced by the U.S. Supreme Court in *Younger v. Harris*,[18] requires that "[w]hen there is a parallel, pending state criminal proceeding, federal courts must refrain from enjoining the state prosecution."[19] *Younger* abstention applies when the following four requirements are met:

> (1) there is an ongoing state judicial proceeding; (2) the proceeding implicates important state interests; (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges; and (4) the requested relief seeks to enjoin or has the practical effect of enjoining the ongoing state judicial proceeding.[20]

If a case satisfies these four factors, a federal court must abstain from exercising jurisdiction over it unless there is "a showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate."[21] The Ninth Circuit has recognized an "irreparable harm" exception to *Younger* abstention that applies "under extraordinary circumstances where the danger of irreparable loss is both great and immediate."[22] Under the irreparable harm exception, *Younger* abstention

> does not require a district court to abstain from hearing a petition for a writ of habeas corpus challenging the conditions of pretrial detention

---

[18] 401 U.S. 37 (1971).

[19] *Sprint Commc'ns, Inc. v. Jacobs,* 571 U.S. 69, 72 (2013).

[20] *Bean v. Matteucci*, 986 F.3d 1128, 1133 (9th Cir. 2021) (quoting *Page v. King*, 932 F.3d 898, 901–02 (9th Cir. 2019)).

[21] *Id.* (quoting *Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018)).

[22] *Id.* (quoting *World Famous Drinking Emporium, Inc. v. City of Tempe*, 820 F.2d 1079, 1082 (9th Cir. 1987)).

Case No. 4:23-cv-00010-JMK, *Usugan v. Moudy, et al.*
Order of Dismissal
Page 5 of 9
Case 4:23-cv-00010-JMK   Document 4   Filed 09/22/23   Page 5 of 9

> in state court where (1) the procedure challenged in the petition is distinct from the underlying criminal prosecution and the challenge would not interfere with the prosecution, or (2) full vindication of the petitioner's pretrial rights requires intervention before trial.[23]

The Ninth Circuit has applied this exception to a pretrial detainee's "colorable claim that a state prosecution [would] violate the Double Jeopardy Clause,"[24] to "a challenge to pretrial detention on the basis of a stale and scientifically invalid probable cause determination,"[25] to "a pretrial detainee's claim that he had been incarcerated for over six months without a constitutionally adequate bail hearing,"[26] and to a pretrial detainee's challenge of "forcible administration of antipsychotic medications."[27] But the Ninth Circuit has not applied this exception to pre-conviction habeas petitions that "seek[] to vindicate a petitioner's speedy trial affirmative defense."[28] As explained in *Page*, "the speedy trial defense primarily protects the integrity of the trial itself" and, like most trial rights, "can be vindicated through reversal of the improperly-obtained conviction."[29]

---

[23] *Page*, 932 F.3d at 903 (internal citations and quotations omitted).

[24] *Bean*, 986 F.3d at 1133–34 (quoting *Dominguez v. Kernan*, 906 F.3d 1127, 1131 n.5 (9th Cir. 2018)).

[25] *Id.* at 1134 (citing *Page*, 932 F.3d at 904).

[26] *Id.* (citing *Arevalo*, 882 F.3d at 766–67).

[27] *Id.* at 1134–36.

[28] *Id.* at 1134 (citing *Brown v. Ahern*, 676 F.3d 899, 900 (9th Cir. 2012); *Carden v. Montana*, 626 F.2d 82, 83 (9th Cir. 1980)).

[29] 932 F.3d at 904.

Case No. 4:23-cv-00010-JMK, *Usugan v. Moudy, et al.*
Order of Dismissal
Page 6 of 9
Case 4:23-cv-00010-JMK   Document 4   Filed 09/22/23   Page 6 of 9

Mr. Usugan's petition meets each of the four *Younger* abstention requirements. First, Mr. Usugan's case is an ongoing state proceeding. His case is pending in the trial court and is scheduled for trial beginning April 1, 2023. Second, as set forth above, the Court takes judicial notice of the fact that in his pending criminal case, Petitioner has been charged with three felonies for burglary and sexual assault. The State of Alaska has an important interest in prosecuting cases involving allegations of home burglaries and felonious sexual assault.[30] Therefore, the second requirement is met.

Third, Petitioner has not alleged facts to suggest he cannot raise his claims in state court, such as in a pretrial motion or during his upcoming trial. Moreover, claims such as speedy trial, due process, and ineffective assistance of counsel, if cognizable as constitutional claims, are more appropriately raised in his pending criminal case, on direct appeal should he be convicted, or in state post-conviction relief proceedings. Further, such claims must be properly exhausted before they can be brought in petition for habeas corpus in a federal court.[31] Although Mr. Usugan has been represented by several court-appointed attorneys throughout the state proceedings, the specific attorney he challenges in his petition has been replaced. Further, there is no indication any of his representatives or the

---

[30] *Cf. Bean,* 986 F.3d at 1133 ("[T]he state has an important interest in prosecuting a murder case[.]").

[31] See 28 U.S.C. §§ 2254(b)(1), (c); *see also Gray v. Netherland,* 518 U.S. 152, 161 (1996).

Case No. 4:23-cv-00010-JMK, *Usugan v. Moudy, et al.*
Order of Dismissal
Page 7 of 9
Case 4:23-cv-00010-JMK   Document 4   Filed 09/22/23   Page 7 of 9

state court have been ineffective.  Therefore, the third requirement is met.  Finally, the injunctive relief that Petitioner seeks—release and dismissal of the charges— would effectively enjoin his prosecution.[32]

In his petition, Petitioner has not alleged any specific facts that demonstrate an extraordinary circumstance warranting the Court's interference with the Alaska Court System's regular judicial procedure.[33]  The emotional toll and inconvenience of defending criminal charges are not the kind of special circumstances or irreparable harm to justify federal habeas intervention.[34]  Moreover, neither Petitioner's allegations nor the state court record supports a finding of harassment or bad faith on the part of the state prosecution that might warrant piercing the veil of abstention.[35]  Consequently, Petitioner has not presented viable grounds for a habeas petition under 28 U.S.C. § 2241; so the Court must not interfere with the State of Alaska's jurisdiction.[36]

---

[32] Docket 1 at 8.

[33] *Jones v. Perkins,* 245 U.S. 390, 391–92 (1918) ("It is well settled that in the absence of exceptional circumstances in criminal cases the regular judicial procedure should be followed and habeas corpus should not be granted in advance of a trial.") (citations omitted).

[34] *Younger,* 401 U.S. at 46, 53–54.

[35] *See Juidice v. Vail,* 430 U.S. 327, 338 (the bad faith exception "may not be utilized unless" petitioner can allege and prove that the state prosecution is "in bad faith or [is] motivated by a desire to harass."); *Kugler v. Helfant,* 421 U.S. 117, 126 n.6 (1975) (Bad faith "generally means that a prosecution has been brought without a reasonable expectation of obtaining a valid conviction."); *Canatella v. Cal.,* 404 F.3d 1106, 1112 (9th Cor. 2005) (the bad faith exception requires more than mere conclusory allegations to invoke).

[36] *See generally* U.S. CONST. Art. IV § 2, cl. 2.  *See also Brown v. Ahern*, 676 F.3d 899, 900 (9th Cir. 2012) ("the 'logical implication' of *Younger*'s rule against enjoining state proceedings is that abstention principles likewise prohibit a federal court from considering a pre-conviction habeas petition that seeks preemptively to litigate an affirmative constitutional defense unless the

Case No. 4:23-cv-00010-JMK, *Usugan v. Moudy, et al.*
Order of Dismissal
Page 8 of 9
Case 4:23-cv-00010-JMK   Document 4   Filed 09/22/23   Page 8 of 9

For the reasons above, the petition must be dismissed without prejudice. Dismissal without prejudice will not materially impact the analysis of any issue in a later filed habeas or Section 1983 proceeding, or otherwise result in substantial prejudice.

**IT IS THEREFORE ORDERED:**

1. The Petition at Docket 1 is **DISMISSED without prejudice.**

2. The Motion at Docket 3 is **DENIED as moot.**[37]

3. The Clerk of Court is directed to enter a final judgment.

4. A certificate of appealability shall not issue.[38]

DATED this 22nd day of September, 2023, at Anchorage, Alaska.

*/s/ Joshua M. Kindred*
JOSHUA M. KINDRED
UNITED STATES DISTRICT JUDGE

---

petitioner can demonstrate that 'extraordinary circumstances' warrant federal intervention.").

[37] Plaintiff is advised that the Court acts to resolve all pending cases in the most efficient manner possible. A federal district court is a trial court simultaneously addressing a volume and variety of cases of varying priorities; and a part of the Court's responsibility is to see that its resources are allocated in a way that promotes the interests of justice. Accordingly, the Court cannot issue orders and rulings purely on the best timeline for a litigant.

[38] 28 U.S.C. §2253(c)(1)(A). *See also Wilson v. Belleque,* 554 F.3d 816, 825 (9th Cir. 2009) ("[A] state prisoner who is proceeding under § 2241 must obtain a [Certificate of Appealability] under § 2253(c)(1)(A) in order to challenge process issued by a state court.").

Case No. 4:23-cv-00010-JMK, *Usugan v. Moudy, et al.*
Order of Dismissal
Page 9 of 9
Case 4:23-cv-00010-JMK   Document 4   Filed 09/22/23   Page 9 of 9